WARNER, Judge,
dissenting.
I would grant rehearing and reverse. This was a civil contempt order which referred to the fíne assessed against appellant as a “bonded fine,” requiring the appellant to post a bond and secure the performance of remedial measures, the cost of which was figured as the bond amount. Whether one refers to this as a “bond” or a “fíne,” I now conclude that U.S. v. United Mine Workers of Amer-ica, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947), cited with approval in Johnson v. Bednar, 573 So.2d 822, 824-25 (Fla.1991), compels reversal.
The Supreme Court in United Mine Workers set forth the principles on which a trial court could assess a civil contempt, whether it be compensatory or coercive. It stated that:
where the purpose is to make the defendant comply, the court’s discretion is otherwise exercised. It must then consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.
It is a corollary of the above principles that a court which has returned a conviction for contempt must, in fixing the amount of a fine to be imposed as a punishment or as a means of securing future compliance, consider the amount of defendant’s financial resources and the consequent seriousness of the burden to that particular defendant.
330 U.S. at 304, 67 S.Ct. at 701 (footnotes omitted).
I interpret United Mine Workers as requiring the court to consider the amount of a defendant’s resources in setting even a coercive fine, not just when the court is considering incarceration.
I believe that the majority’s distinction between a bond and a fine is no longer appropriate. The county moved for contempt and sanctions. Without considering the appellant’s financial resources, the court set a “bonded fine.” I think United Mine Workers compels the court to consider evidence of the appellant’s ability to pay when setting the “bonded fine,” not only on subsequent efforts to enforce the order.